```
          UNITED STATES DISTRICT COURT
             DISTRICT OF MINNESOTA
           Civil No. 06cv4494 (DSD/JJG)
```

Willetta Cason and
Debusse Easton,

       Plaintiffs,

v.                                              **ORDER**

Charvane Morisseau and
Crete Carrier Corp.,

       Defendants,

v.

Denise Smith,

       Third-Party Defendant.

    Karlowba R. Powell, Esq., Kenya C. Bodden, Esq., and William L. Walker, Jr., Esq., Walker Law Offices PA, 3112 Hennepin Avenue South, Minneapolis, Minnesota 55408, counsel for plaintiffs.

    Brian A. Wood, Esq., Mark A. Fredrickson, Esq., and Matthew S. Frantzen, Esq., Lind Jensen Sullivan & Peterson PA, 150 South Fifth Street, Suite 1700, Minneapolis, Minnesota 55401; and Jessica R. Wymore, Esq., Stich Angell Kreidler & Dodge PA, Suite 120, 250 Second Avenue South, Minneapolis, Minnesota 55401, counsel for defendants.

    Kirsten J. Hansen, Esq. and Paul J. Rocheford, Esq., Arthur Chapman Kettering Smetak & Pikala PA, 81 South Ninth Street, Suite 500, Minneapolis, Minnesota 55402-3214, counsel for third-party defendant.

    This matter is before the court upon defendants' and third-party defendant's motions for summary judgment. For the reasons stated, the court requests additional information to determine whether it has jurisdiction over this matter.

**BACKGROUND**

This action arises out of injuries sustained in an auto accident. On September 27, 2004, plaintiffs Willetta Cason ("Cason") and Debusse Easton ("Easton") were passengers in a car involved in a collision with a semi-truck driven by defendant Charvane Morisseau ("Morisseau") and owned by defendant Crete Carrier Corp. ("Crete"). Plaintiffs filed an action in Hennepin County District Court on May 15, 2006, against defendants seeking more than $75,000 in general and special damages for injuries purportedly resulting from the accident. Easton has alleged that he incurred $5,010 in medical expenses and $8,500 in pain and suffering and physical injury damages as a result of the accident. (See Frantzen Aff. Ex. 8.) Cason has alleged $4,824 in medical expenses and $8,500 in pain and suffering and physical injury damages. (Id.) Plaintiffs served defendants on October 23, 2006, and on November 13, 2006, defendants timely removed the action to federal court pursuant to 28 U.S.C. §§ 1441(a) and 1446. On November 17, 2006, defendants filed a third-party complaint against Denise Smith ("Smith"), the driver of vehicle in which Cason and Easton were located.

Defendants Morisseau and Crete and third-party defendant Smith (collectively "defendants") now move the court for summary judgment, arguing that plaintiffs' claims fail to meet the

2

threshold requirements of Minnesota's No-Fault Automobile Insurance Act. See Minn. Stat. § 65B.51. Specifically, defendants argue that plaintiffs have failed to provide expert opinions to substantiate their injuries or establish that the sum of their "reasonable medical benefits" exceeds $4,000. See id. Before addressing defendants' motions, the court must make a threshold determination of subject matter jurisdiction.

## DISCUSSION

Federal courts are "courts of limited jurisdiction. They possess only that power authorized by the Constitution and statute." Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377 (1994). A claim may be removed to federal court "only if it could have been brought in federal court originally; thus, the diversity and amount in controversy requirements of 28 U.S.C. § 1332 must be met, or the claim must be based upon a federal question pursuant to 28 U.S.C. § 1331." Peters v. Union Pac. R.R. Co., 80 F.3d 257, 260 (8th Cir. 1996). The party invoking jurisdiction bears the burden of proof that the prerequisites to jurisdiction are satisfied. See In re Bus. Men's Assurance Co., 992 F.2d 181, 183 (8th Cir. 1993). Because the removal statutes impede upon states' rights to resolve controversies in their own courts, such statutes must be strictly construed. See Nichols v. Harbor Venture, Inc., 284 F.3d 857, 861 (8th Cir. 2002). Therefore, although a defendant has a

statutory right to remove when jurisdiction is proper, the plaintiff remains the master of the claim, and any doubts about the propriety of removal are resolved in favor of remand.  See *In re Bus. Men's*, 992 F.2d at 183.

In this case, plaintiffs' state court complaint baldly alleges damages in excess of $75,000 but provides no specific facts in support of this sum.  The court, therefore, inquires sua sponte whether it has subject matter jurisdiction.  The amount claimed by plaintiff ordinarily controls the amount in controversy question. See St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 288-89 (1938).  However, the court is "not bound by the pleadings of the parties, [and] may, by its own motion, if led to believe that its jurisdiction is not properly invoked, inquire into the facts as they really exist."  McNutt v. Gen. Motors Acceptance Corp., 298 U.S. 178, 184 (1936) (internal quotations omitted); see also Langer v. Daley, 734 F. Supp. 393, 394 (D. Minn. 1990).

The validity of the jurisdictional amount is governed by the "legal certainty test," under which a plaintiff's claimed sum controls unless it appears to a legal certainty that the amount cannot be recovered.  See St. Paul Mercury, 303 U.S. at 288-89.  If the court questions whether the amount alleged is legitimate, "the party invoking federal jurisdiction must prove the requisite amount by a preponderance of the evidence."  Missouri ex rel. Pemiscot County v. W. Sur. Co., 51 F.3d 170, 173 (8th Cir. 1995).  This rule

4

applies "even in a removed case where the party invoking jurisdiction is the defendant." James Neff Kramper Family Farm P'ship v. IBP, Inc., 393 F.3d 828, 831 (8th Cir. 2005).

The procedures for conducting a pretrial jurisdictional inquiry are left to the court's discretion. See Zunamon v. Brown, 418 F.2d 883, 885-86 (8th Cir. 1969). Accordingly, exercising this discretion, the court will receive and weigh affidavits to determine whether it has subject matter jurisdiction in this matter.

## CONCLUSION

Therefore, **IT IS HEREBY ORDERED** that:

1. Defendants shall supply this court with affidavits supporting the assertion that the amount in controversy exceeds $75,000.

2. Defendants shall submit such documents by Friday, December 21, 2007.

Dated: December 12, 2007

                                         s/ David S. Doty
                                        David S. Doty, Judge
                                        United States District Court