UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Civil No. 06-4494 (DSD/JJG)

Willetta Cason and
Debusse Easton,

        Plaintiffs,

v.                                                              **ORDER**

Charvane Morisseau and
Crete Carrier Corp.,

        Defendants,

v.

Denise Smith,

        Third-Party Defendant.

Karlowba R. Powell, Esq., Kenya C. Bodden, Esq., and
William L. Walker, Jr., Esq., Walker Law Offices PA,
3112 Hennepin Avenue South, Minneapolis, MN 55408,
counsel for plaintiffs.

Brian A. Wood, Esq., Mark A. Fredrickson, Esq., and
Matthew S. Frantzen, Esq., Lind Jensen Sullivan &
Peterson PA, 150 South Fifth Street, Suite 1700,
Minneapolis, MN 55401; and Jessica R. Wymore, Esq., Stich
Angell Kreidler & Dodge PA, Suite 120, 250 Second Avenue
South, Minneapolis, MN 55401, counsel for defendants.

Kirsten J. Hansen, Esq. and Paul J. Rocheford, Esq.,
Arthur Chapman Kettering Smetak & Pikala PA, 81 South
Ninth Street, Suite 500, Minneapolis, MN 55402-3214,
counsel for third-party defendant.

This matter is before the court upon defendants' and third-party defendant's motions for summary judgment. In its December 12, 2007, order, the court directed defendants to provide

information supporting their basis for removal. Defendants complied with the order, submitting an affidavit on December 18, 2007. Based upon a review of that affidavit, the file, record and proceedings herein, and for the following reasons, the court remands this matter to state court.[1]

Federal courts are "courts of limited jurisdiction. They possess only that power authorized by the Constitution and statute." Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377 (1994). A claim may be removed to federal court "only if it could have been brought in federal court originally; thus, the diversity and amount in controversy requirements of 28 U.S.C. § 1332 must be met, or the claim must be based upon a federal question pursuant to 28 U.S.C. § 1331." Peters v. Union Pac. R.R. Co., 80 F.3d 257, 260 (8th Cir. 1996). The party invoking jurisdiction bears the burden of proof that the prerequisites to jurisdiction are satisfied. See In re Bus. Men's Assurance Co., 992 F.2d 181, 183 (8th Cir. 1993). Because the removal statutes impede upon states' rights to resolve controversies in their own courts, such statutes must be strictly construed. See Nichols v. Harbor Venture, Inc., 284 F.3d 857, 861 (8th Cir. 2002). Therefore, although a defendant has a statutory right to remove when jurisdiction is proper, the plaintiff remains the master of the claim, and any doubts about the

---

[1] The relevant facts in this matter are set forth in the court's December 12, 2007, order.

propriety of removal are resolved in favor of remand. See *In re Bus. Men's*, 992 F.2d at 183.

One basis for removal is diversity of citizenship pursuant to 28 U.S.C. § 1332. Jurisdiction under § 1332 requires complete diversity of citizenship and a minimum amount in controversy in excess of $75,000. 28 U.S.C. § 1332. The validity of the jurisdictional amount is governed by the "legal certainty test," under which a plaintiff's claimed sum controls unless it appears to a legal certainty that the amount cannot be recovered. See St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 288-89 (1938). If the court questions whether the amount alleged is legitimate, "the party invoking federal jurisdiction must prove the requisite amount by a preponderance of the evidence." Missouri ex rel. Pemiscot County v. W. Sur. Co., 51 F.3d 170, 173 (8th Cir. 1995). The separate and distinct claims of two or more plaintiffs cannot be aggregated in order to satisfy the amount in controversy requirement. See Snyder v. Harris, 394 U.S. 332, 335 (1969). Multiple plaintiffs may aggregate their claims to satisfy the jurisdictional requirement only if the claims are based on a "common undivided interest." Troy Bank of Troy, Ind. v. G.A. Whitehead & Co., 222 U.S. 39, 40-41 (1911).

In this case, plaintiffs' state court complaint baldly alleges damages in excess of $75,000. The amount claimed by plaintiff ordinarily controls the amount in controversy question. See St.

3

<u>Paul Mercury</u>, 303 U.S. at 288-89.   However, in their Rule 26(a)(1)
initial disclosures, plaintiffs claimed damages of far less than
the required amount for pain and suffering, physical injury,
medical expenses and lost wages - $21,824 for Cason and $22,010 for
Easton.   (<u>See</u> Frantzen Aff. Ex. 8. at 2.)   Because plaintiffs do
not have a common and undivided interest in this case, each is more
than $50,000 short of the amount in controversy required for
federal diversity jurisdiction.   Even if the court considered
plaintiffs' $15,500 settlement demands to third-party defendant,
each plaintiff would be at least $30,000 short of the
jurisdictional requirement.   Moreover, plaintiffs have not
disclosed any experts to address issues of causation, prognosis or
future impact of injury.   This effectively eliminates the
possibility of further damage awards that would satisfy the
jurisdictional requirement.[2]   For these reasons, the court
determines as a legal certainty that the amount in controversy is
insufficient for maintaining federal jurisdiction.

---

[2] Plaintiffs have disclosed three treating physicians as
experts but failed to submit expert witness disclosures pursuant to
Rule 26(a)(2)(B) that would enable these treating physicians to
comment on anything beyond the scope of treatment, observation and
diagnosis.   <u>See</u> <u>Griffith v. N.E. Ill. Req'l Commuter R.R. Corp.</u>,
233 F.R.D. 513, 516 (N.D. Ill. 2006).

Therefore, **IT IS HEREBY ORDERED** that this matter is remanded to state court.

**LET JUDGMENT BE ENTERED ACCORDINGLY**

Dated:  January 2, 2008

s/David S. Doty
David S. Doty, Judge
United States District Court